IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEAN BLACKWOOD,

    Pro Se Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. Case No. RDB-10-1645
(Related Crim. No. RDB-09-135)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On May 17, 2010 and June 16, 2010, Dean A. Blackwood ("Blackwood" or "Petitioner"), a federal prison inmate, filed the pending Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motions, Petitioner contends that he was denied his right to appeal and received ineffective assistance of counsel on several grounds. On August 24, 2010, the Government filed a response in opposition. (Paper No. 53.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons set forth below, this Court will withhold ruling on Blackwood's Motions to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Paper Nos. 49 and 51) until it conducts an evidentiary hearing on the matter.

## BACKGROUND

On March 17, 2009, Dean Blackwood was indicted and charged with conspiracy to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C § 846. On July 27, 2009, Blackwood appeared before this Court and pled guilty to the aforementioned charge.

The relevant facts are not in dispute and were stipulated to by Blackwood in his plea

agreement. In sum, those facts are as follows:

The Drug Enforcement Administration ("DEA") received information from a cooperating source ("the Source") that in 1998 and 1999 the Source distributed large amounts of marijuana with Blackwood. In December 2008, the Source contacted the DEA and advised them that he had been reintroduced to Blackwood, and that Blackwood had asked the Source to begin transporting marijuana for him again. Over the next few months, the DEA taped various conversations between the Source and Blackwood regarding Blackwood's plans to have the Source drive a large amount of marijuana from Arizona to Maryland.

In the first week of March 2009, Blackwood and the Source traveled from Maryland to Phoenix, Arizona to purchase the marijuana. On March 12, 2009, Blackwood paid a dealer for approximately 375 pounds of marijuana. Blackwood then flew back to Maryland, while the Source drove back to Maryland with the marijuana in his car. On March 18, 2009, the Source arrived in western Maryland and contacted Blackwood. Blackwood and two other individuals met the Source that same day to pick up the drugs. Minutes after Blackwood and his co-conspirators picked up the drugs, the police stopped the truck and arrested them. *See* Plea Agreement p. 4.

Blackwood subsequently entered into a plea agreement with the United States and agreed to provide information regarding his role in the crime and the roles of his co-defendants. On July 27, 2010, Blackwood pled guilty to one count of conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana. As part of this plea agreement, Blackwood waived his right to appeal his sentence. Plea Agreement at 5-6. On October 15, 2009, this Court sentenced Blackwood to 58 months imprisonment and 12 months home confinement. On May 17, 2010 and June 16, 2010, Blackwood filed the instant motions, in which he asserts that he was

denied his right to appeal and that he received ineffective assistance of counsel.

## ANALYSIS

Blackwood alleges that his trial counsel violated his Sixth Amendment right by rendering ineffective assistance of counsel because he failed to appeal Blackwood's sentence after Blackwood explicitly asked him to do so.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the two part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). This requires showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 at 687. A petitioner must meet both prongs of the *Strickland* test in order to be entitled to relief. *Id.* If a petitioner has pled guilty, he must show that but for the deficient performance of counsel "he would have pleaded not guilty and insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 60 (1985).

In cases dealing specifically with defense counsel's failure to file an appeal, the United States Supreme Court has stated that counsel's failure to file a notice of appeal requested by a defendant is per se ineffective counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 483-86 (2000). The United States Court of Appeals for the Fourth Circuit has interpreted *Flores-Ortega* to mean that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).[1] In other words, an attorney's assistance is ineffective if he disregards his client's explicit instruction to file an appeal, even when the client may have

---

[1] The Fourth Circuit's interpretation of *Flores-Ortgea* is consistent with those of the Second, Ninth, Tenth, and Eleventh Circuits. *See, e.g., United States v. Campusano*, 442 F.3d 770, 772-77 (2d Cir. 2006); *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1195-99 (9th Cir. 2005); *United States v. Garrett*, 402 F.3d 1262, 1265-67 (10th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d 788, 791-94 (11th Cir. 2005).

3

already waived his appeal rights. *Id.*

In his motion, Blackwood claims that he explicitly informed his attorney that he wanted to appeal his sentence. Paper No. 51 at 5. In response, Paul Kramer, Blackwood's counsel at the time of sentencing, submits a sworn affidavit stating: "I have no recollection of Mr. Blackwood ever directing me to file an appeal on his behalf on any issue." Paper No. 53 Ex. 3 (Kramer Aff. at 1). Section 2255(b) states that "[u]nless the motion and files and records of the case *conclusively show that the prisoner is entitled to no relief,* the court shall . . . grant a prompt hearing thereon, [and] determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b) (emphasis added). Given Mr. Kramer's uncertain statement that he has "no recollection" that Blackwood asked him to file an appeal, this Court cannot "conclusively" determine based on the papers alone that the Petitioner is entitled to no relief. *Cf. Phillpots v. United States,* 2010 U.S. Dist. LEXIS 22672, at *9 (D. Md. Mar. 11, 2010) (denying petitioner's motion to vacate where defense counsel submitted an affidavit in which he unequivocally stated that petitioner never requested an appeal). Accordingly, this Court will conduct a brief evidentiary hearing on the issue of whether Petitioner instructed Mr. Kramer to file an appeal on his behalf. Because an evidentiary hearing is required, this Court will appoint counsel to represent Petitioner pursuant to Rule 8(c) of the Federal Rules Governing § 2255 Cases, which provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

## CONCLUSION

For the reasons stated above, this Court will withhold ruling on Blackwood's Motions to Vacate, Set Aside or Correct Sentence (Paper Nos. 49 and 51) until after a separate evidentiary

4

hearing on the matter has been conducted.

    A separate Order follows.

October 21, 2010

                                                 /s/ Richard D. Bennett
                                                 Richard D. Bennett
                                                 United States District Judge